[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CLARIFICATION (#114)
The plaintiff's motion does not allege any ambiguity in the Memorandum of Decision of the court, of September 6, 1991, as set forth in paragraph 3 of said Memorandum on page 6. Rather, the plaintiff seeks a modification or change in said order without any change in circumstances being recited.
The order in said paragraph 3 awards the family residence to the plaintiff who, in turn, is to issue to the defendant her promissory note, etc. The order further states as follows:
 "It [the promissory note] shall be non-interest bearing and shall be secured by a second mortgage on said property."
CT Page 9327
The requirement for a second mortgage serves several purposes. First, it provides a secure position for the defendant in the dissolution action. Second, it prevents the plaintiff from further borrowing, which will dilute the defendant's security even to the point of eliminating in toto the equity in the property. The intent of the undersigned was to protect the defendant's position in the event that, and at the time when, any of the events that would call for payment of the sum secured should occur. At the time of rendering the decision in this case, the position of second mortgagee was the best protection the court could give to the defendant with respect to the residence involved. Although additional security from other sources could have been given, it was not the intent of the court to give more.
The defendant objected at the hearing to the change requested by the plaintiff suggesting that the plaintiff seek a home equity loan but that such loan take a secured position behind the second mortgage of the defendant.
The plaintiff, I believe, argued at the hearing that there was no time fixed for the mortgage to be paid. This is not completely accurate. There are several events recited which would trigger the payment of the mortgage. In addition, the parties would always have the power to reach a mutually agreeable arrangement to remove or subordinate said mortgage.
Finally, the plaintiff refers to the extinction of the obligation. The opinion of the court was that only the defendant himself should receive the proceeds of the note. If he received the proceeds they would then be his own to distribute as he would see fit. There was no intention to give him a power to distribute a future interest that he would not in fact personally receive.
In view of the foregoing, the plaintiff's request for clarification as set forth in her Motion For Clarification is denied.
John Ottaviano, Jr. State Trial Referee